CASE 19—FORFEITED RECOGNIZANCE—DECEMBEB 22.

## Askins vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

Where a defendant who had given bail for his appearance to answer an indictment for felony, " appeared in discharge of the recognizance," and was put upon trial, during the progress of which he escaped, his bail was not liable. A different rule would apply to misdemeanor cases. (2 *Met.*, 386 ; *Crim. Code, sec.* 69.)

J. HARLAN, Jr., for appellant, cited *Crim. Code*, secs. 69, 89, 94; 2 *Met.*, 382; 1 *Met.*, 380; *Bac. Abr., title Bail.*

JOHN M. HARLAN, Attorney General, for Commonwealth, cited *Crim. Code*, secs. 88 *to* 95, 227; 3 *Met.*, 384.

CHIEF JUSTICE BULLITT DELIVERED THE OPINION OF THE COURT:

Askins entered into a recognizance that Farris should appear at the October term, 1863, of the Jefferson circuit court, and surrender himself into custody, to answer an indictment for felony, and not depart without leave of the court. Farris " appeared in discharge of the recognizance," as is stated in the record, and was put upon trial, during the progress of which he escaped.

Is Askins liable for the escape? In the case of *Commonwealth vs. Coleman* it was said, upon the authority of a manuscript opinion (*Commonwealth vs. Ray*) therein cited, that the fact that the defendant in a felony case appears in discharge of the recognizance, without an order of court taking charge and control of him, does not relieve the bail. (2 *Met.*, 386, 387.) But that is a *dictum*, and, in our opinion, is not supported by the decision in the case of *Commonwealth vs. Ray*. In that case there was no trial of the defendant at the appearance term, and in the absence of an order taking him from the custody of the bail, the bail remained bound that he should again appear and answer the indictment. There was no evidence nor reason for a presumption that such an order had been made.

But, in the case under consideration, Farris, after appearing, was put upon trial. The Criminal Code declares, that, " during the trial of an indictment for felony, the defendant shall be kept in actual custody; but for misdemeanor, may remain on bail during trial." (*Sec.* 69.) Any attempt by Askins to control the prisoner during the trial would have been illegal. It was the duty of the officers of the court to keep him in their custody. If an order of court was necessary for that purpose, as it was the duty of the court to make the order, we must presume that it was made in the absence of a bill of exceptions showing the contrary.

Our opinion, therefore, is, that the appearance of Farris, and putting him upon trial, discharged the bail. For obvious reasons, a different rule would apply to misdemeanor cases.

The judgment is reversed, and the cause remanded, with directions to dismiss the action.