## J. W. Grimes v. Commonwealth.

**Criminal Law—Sureties on Bond.**

> When a defendant, after his cause has been submitted to the jury, was, by order of the court, remanded to the custody of the jailer, the sureties are released and cannot bind themselves to further stand on the bond.

### APPEAL FROM FAYETTE CIRCUIT COURT.

#### September 15, 1876.

OPINION BY JUDGE PRYOR:

The accused, after the cause had been submitted to the jury, was by an order of the court remanded to the custody of the jailor. His sureties had consented that he might stand on his bond during the progress of the trial, but the court very properly placed him in jail, or in the custody of the jailor, after the jury had taken charge of the case. When placed in jail or in the jailor's custody by the order of the court, the sureties had no longer any control over the accused, and their liability as such terminated. They had fulfilled their obligation when the prisoner was placed in jail or in custody of the jailor, all power to control their principal in any way having ceased. *Commonwealth v. Coleman, et al.,* 2 Met. 382; *Askins v. Commonwealth,* 1 Duv. 275.

If when placed in custody the sureties were released, the stipula-

tions of the bond or its covenants could not be revived without their consent; and it may be questioned whether a consent in open court by the sureties (after the bond had been complied with by the delivery of the prisoner and his being taken into custody) to remain bound on the bond, would have been obligatory. The safer course would be the execution of a new bond. The judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*Huston & Mulligan, for appellant..*
*Breckenridge & Shelby, Frank Waters, for appellee.*